IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No.: 4:25-cr-00260-HEA-SPM |
| ALBERT JAMES, | ) ) ) |
| Defendant. | ) |

### DEFENDANT'S MOTION TO PERMIT REMOTE TESTIMONY OF OUT-OF-STATE WITNESS AND FOR ISSUANCE OF SUBPEONA FOR OUT-OF-STATE WITNESS

COMES NOW Defendant Albert James, by and through his undersigned counsel of record, and respectfully moves this Court for an Order (1) permitting the remote testimony of Donnie Anderson, the Director of the Bureau of Narcotics & Dangerous Drugs Control in Oklahoma City, Oklahoma and (2) directing the issuance of a subpoena for said witness to testify remotely at the upcoming Evidentiary hearing in this matter. In support thereof, Defendant states as follows:

1. This matter is currently set for an evidentiary hearing on February 4, 2026.

2. Defendant intends to call Donnie Andreson, Director of the Bureau of Narcotics & Dangerous Drugs Control, as a witness.

3. Mr. Anderson resides and works outside a 100-mile geographic area from the hearing location. While Fed. R. Crim. P. 17(e)(1), permits service of a subpoena at any place within the United States, the Court may consider the

substantial burden and expense associated with compelling an in-person appearance by a witness located more than 100 miles away. Under these circumstances, permitting remote testimony is an appropriate and reasonable means of securing the witness's testimony while avoiding undue burden and expense.

4. Defendant therefore seeks both (a) permission to allow for remote live video testimony of the witness; and (b) issuance of a subpoena compelling Mr. Anderson's remote appearance at the evidentiary hearing.

5. A proposed subpoena directing Mr. Anderson to appear and testify remotely is attached hereto as Exhibit A.

6. Good cause exists here as the witness is located beyond a 100-mile radius which may cause undue hardship on the witness to travel the substantial distance for the evidentiary hearing. The witness's testimony is material and necessary, live remote video testimony is a practical and reliable means of securing the witness's appearance, and no party will suffer prejudice if the witness is permitted to appear and testify by live video.

7. Defendant proposes that Mr. Anderson testify via a secure platform approved by the Court.

8. The witness will testify under oath, on live camera feed, with all parties and the Court able to observe his demeanor in real time.

9. Permitting remote testimony and issuing a subpoena for Mr. Anderson's appearance will not prejudice the Government.

10. Denial of this Motion, however, would substantially prejudice Defenant by preventing the presentation of critical witness testimony.

WHEREFORE, Defendant Albert James respectfully requests that this Court:

1) Enter an Order permitting witness Donnie Anderson to testify remotely by live video at the evidentiary hearing in this matter;

2) Direct the Court Clerk to issue the subpoena attached as Exhibit A, compelling Mr. Anderson's remote appearance and testimony at the evidentiary hearing; and

3) Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

NEWTON BARTH, L.L.P

By: _____
Talmage E. Newton IV, IL6305302
talmage@newtonbarth.com
555 Washington Ave., Ste. 420
St. Louis, Missouri 63101
(314) 272-4490 – Office

Attorney for Defendant

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was electronically served on all parties of record via the court's e-filing System on the 20th day of January 2026.

_____