IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNITED STATES OF AMERICA,    )
    )
    Plaintiff,    )
    )
v.    )    Cause No.: 4:25-cr-00260-ZMB-SPM
    )
ALBERT JAMES,    )
    )
    Defendant.    )

## RENEWED MOTION FOR DISCLOSURE, OR IN THE ALTERNATIVE, MOTION FOR AN *IN CAMERA* REVIEW OF CERTAIN MATERIALS

Prior to the May 5, 2026, evidentiary hearing held in this matter (R. Doc. 80) the parties had been litigating discovery disputes related to the employment record of the Government's key law enforcement witness. (See R. Docs. 54, 55, 56, and 57). Noting that discovery in federal criminal cases is not a general right, the Court correctly acknowledged that "the parties…make it clear that [the former law enforcement witness] is a key witness whose testimony and credibility is central to the suppression motion filed by defendant." (see Court Order at R. Doc. 57 at p.4). The credibility of this witness is important to the pending suppression motions and this discovery dispute is important because as the case record reflects (and as the transcript of the evidentiary hearing demonstrates) this law enforcement witness is severely *Giglio* compromised and has a truthiness issue.

Defendant previously moved that both (a) the complete unredacted internal investigation report and materials; and (b) this witness' personnel file, either be produced to the defense or that the Court review them *in camera*. (R. Doc. 54). The

Court agreed to review the complete unredacted internal investigation *in camera* but was silent as to any review of the personnel file, seemingly deferring to the Government's internal *Giglio* review. [1] *Id.*

During the May 5, 2026, evidentiary hearing, to bolster this witness' bona fides and credibility, the Government elicited a variety of information regarding the law enforcement witness' professional pedigree and employment history. (R. Doc. 87: Tr.7:16 to 9:10; 34:16 to 37:16).

As has been set forth in other court filings and documents in this case, this former law enforcement officer has a credibility problem and seems to lie or mold the truth to suit his purposes. Having put the witness' employment history at issue, Defendant renews his motion that the Court conduct an *in camera* review of the witness' personnel file to decide whether it would be appropriate for that file to be produced to the Defense. While Defendant intends to adhere to the previously established post-hearing briefing schedule (set forth in R. Doc. 80), Defendant requests the Court decide on this request prior to ruling on the pending motions to suppress (R. Docs. 20 and 21) and allow the record and/or briefing to be reopened should the *in camera* review merit disclosure of those materials to the defense; and

---

[1] The underacted internal report (minus the majority of the physical evidence and attachments listed on p.2 of that report) were finally provided to the defense at the May 5, 2026, evidentiary hearing.

for such further relief as the Court may deem just and proper in the premises.

Respectfully submitted,

NEWTON BARTH, L.L.P

By:  /s/ Talmage E. Newton IV
Talmage E. Newton IV, MO56647
talmage@newtonbarth.com
555 Washington Ave., Ste. 420
St. Louis, Missouri 63101
(314) 272-4490 – Office
(314) 762-6710 – Facsimile

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was electronically served on all parties of record and filed with the court via the court's e-filing System on this 2nd day of June, 2026.

/s/ Talmage E. Newton IV