**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 4:25CR260 ZMB(SPM)** |
| | ) | |
| **ALBERT JAMES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**
**OF UNITED STATES MAGISTRATE JUDGE**

All pretrial matters were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). Currently before the Court is Defendant Albert James's Renewed Motion for Disclosure, or in the alternative, Motion for an *In Camera* Review of Certain Materials, in which Defendant Albert James requests that the undersigned conduct an *in camera* review of the personnel file of the United States' key former law enforcement witness who testified at the evidentiary hearing held on May 5, 2026, to determine if any of the information in the file should have been disclosed to the defense pursuant to *Giglio.* ECF No. 88. Defendant's renewed request for disclosure was prompted, in part, by the following exchange and similar discussion between the witness and the Assistant United States Attorney during the evidentiary hearing:

> Q. Okay. Prior to 2023, did you have any disciplinary warnings or citations at the Oklahoma Bureau of Narcotics?
> A. No.
> Q. Did you have any -- and that would include any reprimands, did you have any reprimands for unprofessional behavior?
> A. No.
> Q. Did you have any factual disputes within your reports?
> A. No.
> Q. Were there factual disputes when you testified?

> A. No.
> Q. Have you testified before?
> A. Yes.
> Q. Okay. Several times?
> A. Yes. I'm actually -- there was a case I'm quoted in,
> part of a case law decision in Oklahoma in a positive manner.
> Q. Were you ever cited for having conduct unbecoming of a
> police officer?
> A. No.
> Q. Okay. Still prior to 2023, in January of 2023 actually,
> prior to that, did you actually receive awards for your
> conduct as a police officer?
> A. Yes.
> Q. Did you receive a national award?
> A. Yes.
> Q. And what was that for?
> A. It was -- there was the National Interdiction Conference
> we went to years prior. I can't remember the specific year.
> I had gotten an award for -- it was, like, the most, you know,
> rescued endangered children on a traffic stop. And then also
> in about 8 months after this traffic stop was promoted to
> agent in charge of the K-9 interdiction team.

ECF No. 87, p. 34-37.

In resisting Defendant's motion, the United States asserts the motion for disclosure of information in the officer's personnel file continues to be a fishing expedition hinged on speculation that exculpatory or impeaching information might by contained in the officer's personnel file. *See* ECF No. 93, p.1. For the reasons stated on the record by defense counsel at the time of the evidentiary hearing and set out Defendant's motion, the Court finds the officer's hearing testimony undermines the United States's argument. Here, the defense is not speculating that there ***may*** be evidence of commendations or otherwise in the officer's personnel file. The witness testified about commendations/recognitions he received before the incident that ultimately led to his termination. This testimony suggests that a review of the witness's personnel file may well corroborate this testimony by reflecting the commendations about which he testified or cast doubt on that testimony. The undersigned acknowledges that in ruling on defendant's initial motion to compel disclosure, this Court found the information sought by defendant to be of very

limited or marginal relevance given the timing of the traffic stop that led to the charges defendant is facing and the conduct that ultimately led to the officer's termination. *See* ECF No. 57, p. 4-5. However, the United States' attempt to bolster the officer's credibility during the suppression hearing made the officer's prior conduct and contents of his personnel record relevant for purposes of testing his credibility. Given the officer's hearing testimony, the Court believes it is appropriate to conduct an *in camera* review of the following categories of personnel records (as described in the United States's response) during the relevant timeframe: state employment status update from 2023; state personnel/HR documents concerning rank, pay, promotions, resume; state performance evaluation documents; employment interview/promotion board scoring sheets; commendations or other positive recommendations; and termination letter. *See* ECF No. 93, at p. 2.

In sum, after carefully considering the parties' written submissions, the testimony and argument of counsel during the evidentiary hearing, and the applicable law, as discussed in detail in this Court's earlier order, *see* ECF No. 57, I find defendant's motion for in camera review should be granted, but limited to the categories of personnel records described above.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Albert James's Renewed Motion for Disclosure, or in the alternative, Motion for an *In Camera* Review of Certain Materials, (ECF No. 88) is **GRANTED, in part and DENIED, in part.**

**IT IS FURTHER ORDERED** that, no later than **September 11, 2026**, the United States must submit the following categories of personnel records (as described in the United States's response) to the undersigned for *in camera* review: state employment status update from 2023; state personnel/HR documents concerning rank, pay, promotions, resume; state performance evaluation documents;

employment interview/promotion board scoring sheets; commendations or other positive recommendations; and termination letter.

**IT IS FURTHER ORDERED** that, except as specifically set out in this Order, Renewed Motion for Disclosure or, in the alternative, Motion for an *In Camera* Review of Certain Materials, (ECF No. 88) is **DENIED** in all other respects.

Dated: August 31, 2026

SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE