**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-CR-260-ZMB-SPM |
| | ) | |
| ALBERT JAMES, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

All pretrial matters were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). On August 31, 2026, the undersigned entered an order granting, in part, Defendant Albert James's Renewed Motion for Disclosure, or in the alternative, Motion for an *In Camera* Review of Certain Materials (ECF No. 88). Specifically, the undersigned ordered the United States to submit for *in camera* review certain portions of the personnel file of the United States' key former law enforcement witness, Kyle English, to determine if any of the information in the file required disclosure under *Giglio* following English's testimony at the evidentiary hearing held on May 5, 2026. ECF No. 103.

This Court articulated the applicable legal standard for ruling on Motions to Compel Disclosures in its Order dated October 24, 2025, (ECF No. 57), and will not repeat the standard here other than to point out that although "[c]riminal defendants do not have a general constitutional right to discovery," *United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000); *see also, e.g., United States v. Tavlin*, No. 22-cr-134 (DWF/JFD), 2023 WL 3477610, at *3 (D. Minn. May 16, 2023), "[u]nder *Brady* and its progeny, prosecutors have a duty to disclose to the defense all material evidence favorable to the accused, including impeachment and exculpatory evidence."

*United States v. Robinson*, 809 F.3d 991, 996 (8th Cir. 2016); *accord United States v. Wright*, 866 F.3d 899, 908 (8th Cir. 2017); *see United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information." (citations omitted)); *see also Tavlin*, 2023 WL 3477610, at *3. "The [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'" *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio v. United States*, 405 U.S. 150, 154 (1972)); *accord Dones-Vargas*, 936 F.3d at 722; *see United States v. Primm*, 63 F.4th 1186, 1192 (8th Cir. 2023); *Tavlin*, 2023 WL 3477610, at *3.

Here, the undersigned conducted an *in camera* review of Officer English's personnel records to determine if any of the information constituted evidence or information that might impeach Officer English's testimony at the evidentiary hearing held on May 5, 2026. As noted in the August 31st Order, although the undersigned initially found information in the personnel file would be of very limited or marginal relevance, the United States' attempt to bolster the officer's credibility during the suppression hearing made the officer's prior conduct and contents of his personnel record relevant for purposes of testing his credibility. Based on the Court's *in camera* review, Officer English's personnel file included performance reviews that identified areas of improvement such as more timely submission of reports and similar commentary. However, the records in the personnel file did not refute English's testimony that, during his time at the Oklahoma Bureau of Narcotics, he did not receive any citations or disciplinary warnings, reprimands for unprofessional behavior, factual disputes with information he included in a report, or adverse credibility findings, and similar findings. Instead, the personnel records reviewed were

largely irrelevant, neutral, or corroborated Officer English's testimony at the evidentiary hearing. As such, the Court finds the personnel records are not subject to disclosure under *Giglio* or *Brady.*

Accordingly,

**IT IS HEREBY ORDERED** that, based on the Court's *in camera* review of personnel records provided by the Oklahoma State Bureau of Narcotics and Dangerous Drugs, the United States is not required to disclose, and Defendant is not entitled to receive, any further disclosures of personnel records for Officer English pursuant to *Brady* and *Giglio.*

Dated: November 2, 2026

SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE